ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| INTERNATIONAL LIQUID TERMINALS ASSOCIATION, et al., <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Respondent*. | No. 24-1377 <br> (consolidated with Nos. 24-1379, 24-1380) |

## EPA'S UNOPPOSED MOTION TO HOLD CASES IN ABEYANCE

Respondent the U.S. Environmental Protection Agency ("EPA") respectfully moves the Court to hold these consolidated cases in abeyance pending the conclusion of EPA's process to reconsider the rule challenged in these cases. Petitioners do not oppose the requested abeyance.

In support of this motion, EPA states as follows:

1.  Petitioners seek review of an EPA action titled "New Source Performance Standards Review for Volatile Organic Liquid Storage Vessels (Including Petroleum Liquid Storage Vessels)," 89 Fed. Reg. 83,296 (October 15, 2024) (the "Rule").

1

2. Petitioners International Liquid Terminals Association, American Chemistry Council, the American Fuel & Petrochemical Manufacturers, and the American Petroleum Institute have submitted to EPA administrative petitions for reconsideration of the Rule.

3. On January 22, 2025, the Court granted Petitioners' unopposed motion to hold these cases in abeyance until July 15, 2025.

4. In the interim, EPA has decided to voluntarily reconsider the Rule. EPA informed Petitioners of that decision by letter dated April 29, 2025. *See* Letter from Abigale Tardif, Principal Deputy Assistant Adm'r, EPA Office of Air and Radiation (Apr. 29, 2025) (attached as Exhibit 1). In its letter, EPA stated that it intends to issue a Federal Register notice soliciting public review and comment on the issues raised in the reconsideration petitions. *Id.*

5. In light of EPA's decision to reconsider the challenged Rule, EPA respectfully requests that the Court continue to hold these consolidated cases in abeyance pending the conclusion of EPA's reconsideration process, with status reports to the Court at 120-day intervals. EPA also proposes that the parties file motions to govern due within 30 days after EPA takes final action on reconsideration of the Rule.

6. The court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997);

*see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. Abeyance is appropriate here to preserve the resources of the parties and the Court. EPA's reconsideration of the Rule could resolve some or all of the disputed issues in these consolidated cases, potentially obviating the need for any briefing, argument, or judicial resolution. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"). For that reason, this Court routinely holds cases in abeyance pending the outcome of an agency's reconsideration of a challenged rule. *See, e.g.*, Order (Doc. 2113035), *West Virginia v. EPA*, No. 24-1120 (D.C. Cir. Apr. 25, 2025); Order (Doc. 2114414), *National Lime Ass'n. v. EPA*, No. 24-1297 (D.C. Cir. May 5, 2025).

8. The requested abeyance is appropriate to allow for completion of EPA's reconsideration process. No party would be prejudiced by the requested abeyance, particularly at this early stage of proceedings, when the certified index

to the record has not been filed and the Court has not established a briefing schedule. Petitioners do not oppose this motion.

9. For these reasons, the Court should continue to hold these consolidated cases in abeyance pending the conclusion of EPA's reconsideration process, with status reports to the Court at 120-day intervals and with motions to govern due within 30 days after EPA takes final action on reconsideration of the Rule.

Respectfully submitted,

July 10, 2025

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

 /s/  Samuel B. Stratton
SAMUEL B. STRATTON
U.S. Department of Justice
Env't & Natural Resources Div.
P.O. Box 7611
Washington, D.C.
(202) 514-6535
samuel.stratton@usdoj.gov

*Counsel for Respondent*

*Of Counsel*:
HOWARD J. HOFFMAN
  U.S. EPA Office of General Counsel

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Unopposed Motion to Hold Cases in Abeyance complies with the requirements of Fed. R. App. P. 27(d) because it contains 624 words and is formatted in double-spaced, 14-point Times New Roman font.

DATE: July 10, 2025                     Respectfully submitted

*/s/ Samuel B. Stratton*
Samuel B. Stratton

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I filed the foregoing Unopposed Motion to Hold Cases in Abeyance via the Court's CM/ECF system, which will provide electronic notice to all registered counsel.

*/s/ Samuel B. Stratton*
Samuel B. Stratton